UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| MICHAEL YANDAL, | ) | |
| Petitioner, | ) | Civil No. 11-314-GFVT |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| WARDEN HOLLAND, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Michael Yandal is an inmate confined at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without counsel, Yandal has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and a motion requesting an evidentiary hearing [R. 8]. The Court has reviewed the petition,[1] but must deny it because Yandal can not pursue his claims in a habeas corpus proceeding under § 2241.

I

On June 23, 2005, Tye Jackson—a police detective from Mayfield, Kentucky—stopped Yandal's vehicle because he suspected that its windows violated a Kentucky law that prohibits

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because the petitioner is not represented by an attorney, the court reviews the petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the court accepts Yandal's factual allegations as true and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

tinting windows more than 35%. Jackson asked Yandal to produce the required certificate stating that the tinting was within legal limits. When Yandal cracked open his car window to pass his license and registration, Jackson smelled an odor of marijuana emanating from the car's interior. Jackson searched Yandal's vehicle, and while doing so, discovered and seized contraband. Yandal was charged in the Graves District Court with excessive window tint and was charged in the Graves Circuit Court with a felony relating to the contraband. On October 11, 2005, a federal grand jury indicted Yandal for federal drug trafficking and firearms offenses. *United States v. Yandal*, No. 5:05-cr-25-TBR (W.D. Ky. 2005).

Subsequent testing revealed that the Yandal's windows were 34% tinted, plus or minus two percent. Apparently in light of these results, the window tinting charge was eventually dismissed in the Graves District Court, and the state felony charges were dismissed after Yandal was indicted in federal court. Yandal moved to suppress the incriminating evidence seized from his vehicle, arguing that Detective Jackson lacked probable cause to stop his vehicle. The district court denied the motion, finding that the detective had probable cause to stop Yandal's vehicle regardless of whether the tinting was actually legal because he reasonably believed that the tinting was illegal.

On January 5, 2007, the jury convicted Yandal of possession with the intent to distribute crack cocaine and marijuana and possession of a firearm in furtherance of a drug trafficking crime. On April 26, 2007, Yandal was sentenced to 135 months imprisonment. On appeal, the Sixth Circuit affirmed Yandal's conviction. *United States v. Yandal*, No. 07-5564 (6th Cir. Apr. 30, 2008). In 2009, the district court reduced Yandal's sentence to the statutory minimum of 120 months based on the retroactive application of the crack cocaine amendments to the sentencing guidelines.

On April 30, 2009, Yandal filed a motion to "vacate all judgments and remand this case back to Graves Circuit Court, Graves County, Ky." [R. 101 therein]  The district court denied that motion, explaining that on October 11, 2005, the federal grand jury charged Yandal with committing federal drug and firearm offenses, **not** with a window tinting violation, which was purely a state charge.  The district court stated  "As there was no removal, the defendant is not entitled to the relief he seeks."  [R. 116, p. 1, therein]

In July 2009, Yandal filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that he had received ineffective assistance of counsel both at trial and at sentencing.  Yandal filed a separate motion alleging that the district court lacked jurisdiction to conduct the suppression hearing and adjudicate the federal criminal charges against him, and that it should reconsider its refusal to "remand" his case to the Graves Circuit Court.  The magistrate recommended denying the § 2255 motion because Yandal had not received ineffective assistance of counsel. [R. 124.]  He also recommended denying Yandal's other motions, explaining that the federal criminal case had not been "removed"  from Graves County and that the federal  court had jurisdiction over Yandal's  criminal case because a federal grand jury had returned an indictment charging him with various federal crimes in October 2005.  The magistrate stated:

> Although [Yandal] steadfastly refuses to acknowledge it, the fact is that [Yandal's] federal convictions were obtained independently of and bear no direct relationship to the status of the state charge.  The motion for a remand back to the state court should be denied.

[*Id*., p. 5, therein]  On July 22, 2010, the Court adopted the Magistrate Judge's Report and Recommendation and denied Yandal's motions.  [R. 137.]  On appeal, the Sixth Circuit rejected Yandal's "remand" argument and denied him a certificate of appealability, explaining that the federal grand jury's indictment was the basis of the federal criminal case against him. *United States v. Yandal*, No. 10-5977 (6th Cir. May 18, 2011).

3

In his § 2241 petition, Yandal argues that federal authorities improperly "removed" his case to federal court in violation of the doctrine articulated in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971) (federal court should generally abstain from hearing a matter which would likely interfere with a criminal proceeding pending in state court), and that they therefore lacked subject matter jurisdiction to prosecute him for criminal offenses. Yandal also claims that federal prosecutors engaged in misconduct by excluding the state court record from evidence and introducing fabricated traffic citations and perjured testimony; the federal judge engaged in judicial misconduct by denying him counsel at trial in violation of his Sixth Amendment rights and by allowing the federal prosecutor to withhold evidence; and that because the government failed to prove that he possessed a firearm during and in relation to the commission of a drug offense all elements, he is actually innocent of the § 924(c) firearm offense of which he was convicted.

**II**

Yandal is not challenging any aspect of the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Rather, Yandal's claims that federal authorities lacked jurisdiction to prosecute him, and that the district court made erroneous rulings before and during his trial, are challenges to the validity of his underlying conviction and sentence. But § 2241 is not the mechanism for asserting such challenges. Section 2255(a) provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 2010 WL at 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

4

However, § 2255(e) permits a prisoner to challenge a conviction or sentence in a habeas petition filed pursuant to § 2241 if the remedy provided by § 2255(a) is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004). But review under § 2241 is not available "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." 28 U.S.C. § 2255(e). The petitioner must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

Yandal cannot make that showing because in his § 2255 motion and other motions seeking post-judgment relief, he previously and unsuccessfully argued that the district court lacked subject matter jurisdiction over his criminal case, that his criminal case had been improperly removed to federal court, and that at trial, his counsel had rendered ineffective assistance. Both the district court and the Sixth Circuit rejected those arguments. They explained that Yandal had not been denied effective assistance of counsel, that the federal criminal charges were independent of the charges filed against him in the Graves District and Circuit Courts, that his case had never been "removed" to federal court, and that his federal criminal charges stemmed directly from a federal grand jury indicting him for committing federal drug and firearm offenses. Yandal may not merely regurgitate his § 2255 arguments in a § 2241 petition. There is nothing that suggests the previously available remedies—remedies he was deemed ineligible for—were inadequate and/or ineffective. *See Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, 2012 WL 11135 at *2 (N.D. Ohio Jan. 3, 2012).

Yandal's other claims, including prosecutorial and judicial misconduct, false testimony

by detective Jackson, and sufficiency of the government's proof that he possessed a firearm, also fall outside the scope of claims he may pursue in a § 2241 petition. The facts underlying these claims either were, or should have been, known to Yandal during the trial, at sentencing, on appeal, or in his § 2255 motion. He could have and should have asserted these challenges at those times, but did not do so. Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758. Simply, Yandal has not established that as to any of his claims his § 2255 remedy was inadequate or ineffective to challenge his conviction and sentence.

Yandal also contends that he is "actually innocent" of the drug and firearm offenses of which he was convicted because the government failed to meet its burden of proof on the § 924(c) firearm charge. He bases this argument on his allegations that detective Jackson gave false testimony at trial and that his counsel was constitutionally ineffective. Section 2241 can be invoked to challenge a conviction when the movant alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), but this means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623-24; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

As discussed, Yandal previously and unsuccessfully alleged in his § 2255 motion that his trial counsel's performance was constitutionally defective, so that claim does not constitute a claim of "factual innocence." Further, Yandal failed both on direct appeal and in his § 2555 motion to challenge either the government's burden of proof on the firearm offense or the

6

veracity of Detective Jackson's testimony. Consequently, those claims also constitute, at best, claims of legal insufficiency, not claims of "actual innocence."

The only other means of pursuing a claim of actual innocence through the savings clause of § 2255 is to allege a new rule of law made retroactive by a Supreme Court case, such as the type of claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *See Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Yandal does not allege that he was convicted of conduct that the law no longer makes criminal in light of a Supreme Court decision rendered after his direct appeal or after he filed his § 2255 motion. In summary, Yandal has not established a claim of actual innocence cognizable in a habeas corpus proceeding under § 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998); *Charles*, 180 F.3d at 757.

### III

Yandal's multifaceted § 2241 petition lacks any legal foundation, as outlined above. Accordingly, and the Court being sufficiently advised, it is **HEREBY ORDERED**:

1. Michael Yandal's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2. Yandal's motion for an evidentiary hearing [R. 8] is **DENIED**.

3. The Court will enter an appropriate judgment.

4. This matter is **STRICKEN** from the active docket.

This 1st day of February, 2013.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge